IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL D. BONTY, SR.

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 19-cv-523-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Following a seven-day jury trial in April and May 2003, in case no. 02-cr-30116-MJR, Petitioner Michael D. Bonty, Sr. ("Bonty") was found guilty of counts 1, 2, 4-7 of the superseding indictment (CR. 132-137). The convictions were predicated upon charges of transporting a minor in interstate commerce with the intent to engage in criminal sexual activity, attempting to intimidate a juvenile by leaving a message on her cellular telephone with the intent to hinder or prevent the juvenile from communicating to law enforcement information relating to the commission of a federal offense, and felon in possession of ammunition (CR. 80). On August 18, 2013, Bonty was sentenced to the custody of the US Bureau of Prisons to be imprisoned for a total term of 660 months (CR. 165).

On November 2, 2005, Bonty timely filed a petition for relief pursuant to 28 U.S.C. §2255 wherein he argued that his counsel was ineffective both at trial and on appeal. *Bonty v. United States*, 05-cv-797 (S.D. Ill). The District Court denied this motion

and subsequent motion to reconsider. The Seventh Circuit also declined to issue a certificate of appealability.

On June 14, 2007, Bonty filed a Motion for Writ of Prohibition pursuant to 28 U.S.C. §1651(A) (CR. 198). The Court ordered this matter be briefed to determine whether jurisdiction existed (CR. 199). On July 13, 2007, the Court determined this motion constituted a second or successive motion under 28 U.S.C. §2255, and dismissed for want of jurisdiction as he did not first obtain appellate court certification (CR. 201). A subsequent motion for reconsideration was also denied on July 30, 2007 (CR. 204).

On June 27, 2016, Bonty filed a third motion pursuant to §2255 wherein he raised the recent Supreme decision of *Johnson v. United States*. 135 S. Ct. 2255 (June 26, 2015); *See Bonty v. United States,* 16-cv-704-MJR (S.D. Ill.). On July 21, 2016, that matter was dismissed as he had previously filed two petitions to vacate or correct sentence under 28 U.S.C. §2255 and had not obtained leave from the appellate court allowing the district court to consider any such successive petition.

In 2017 and 2018, Bonty filed two more applications with the Seventh Circuit to file successive §2255 motions but was unsuccessful both times. *See* Seventh Circuit Court of Appeals Dkt. Nos. 17-2413 and 18-1495. Specifically, the Court denied the applications and noted that neither of the attempts relied on new evidence of actual innocence of the underlying offenses nor a new and retroactive rule of constitutional law.

On May 20, 2019, Bonty filed the instant motion to vacate, set aside or correct sentence pursuant to §2255 (Doc. 1). Approximately 18 months later, this Court conducted a preliminary review and ordered the government to respond (Doc. 5). It is important to note that although the case was moved forward, the Court did not make any conclusions as to the merits (or lack thereof) of Bonty's petition (Id.).

On February 12, 2021, the government filed its response as a motion to dismiss (Doc. 13). Although the response was due on or before January 29, 2021, neither the Court nor Bonty acted upon the untimeliness prior to its receipt. Within their response, the government acknowledged that the response was late, but advised she had inadvertently confused this case with Bonty's compassionate release case in 02-30116-SMY. Because the delay was a mistake that was rectified in less than two weeks (versus the 18 month delay in reviewing the case), this Court holds the delay was harmless and there was no prejudice to Bonty.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first

obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Here, Bonty has previously filed at least one prior § 2255 petition where he received a full round of collateral review (*see Bonty v. United States*, Case No. 05-cv-797). The instant Habeas Petition is his fourth attempt at relief under § 2255, which requires prior approval from the Seventh Circuit. There is no indication, however, that Boatman has sought permission from the Seventh Circuit to file this successive § 2255 petition. Therefore, this Court lacks jurisdiction to hear this claim. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)). Accordingly, the motion to dismiss must be **GRANTED** (Doc. 13).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

4

Here, Bonty did not obtain leave to file a successive § 2255 petition. Accordingly, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  May 3, 2021**

<u>s/Stephen P. McGlynn</u>
**STEPHEN P. MCGLYNN**
**United States District Judge**
